Opinion by
Mr. Justice McWilliams.
Joseph W. Carroll filed claim against one Abeyta, alleging that he (Carroll) suffered damages in the sum of $2,000 as a direct result of Abeyta’s careless and negligent operation of an automobile. Upon trial to the court judgment was duly entered for Carroll against Abeyta in the sum of $1,545.56, and by writ of error Abeyta now seeks reversal of the judgment.
Abeyta claims that the trial court erred in two particulars: (1) in failing to hold that Carroll was guilty of contributory negligence; and (2) in awarding Carroll the sum of $1,545.56 as damages, the contention being that such an award is excessive and that remittitur should be ordered.
The accident occurred at the intersection of South Logan Street and East Alameda Avenue in Denver, an intersection controlled by four signal lights. The trial court found that Abeyta proceeded into this intersection on a “red” or “stop” light, and that Carroll had the “green” or “go” light, and the record reveals ample evidence to support such findings.
Abeyta argues that Carroll was nonetheless still guilty of contributory negligence, as a matter of law, even though he (Carroll) may well have been proceeding into and through the intersection on the green light. Without going into what would be unnecessary detail,, it is deemed sufficient to state that the record does not support Abeyta’s somewhat novel theory that as a matter of law Carroll was somehow negligent in failing to anticipate that he (Abeyta) would run a red light! The trial court as the trier , of the facts did not err in'.its *577 holding that Abeyta’s negligence was the sole proximate cause of the collision with Carroll’s car.
Similarly, our review of the record convinces us that the evidence does support the damage award of $1,545.56. In his complaint Carroll made claim for $2,000 to compensate him for the personal injuries sustained by him in the accident, including the resultant pain and suffering, his medical expense, loss of wages, and damage to his automobile. In a Pre-trial Stipulation and Order Abeyta stipulated that Carroll suffered damage to his car in the amount of $595.46, but expressly required Carroll to prove any claimed property damage in excess of that figure, as well as also requiring him to prove any loss of wages and his personal injuries.
Upon trial Carroll attempted to show that his automobile was actually damaged in the amount of $798.75. But in breaking down its damage award, the trial court stated that it only allowed Carroll the sum of $652.56 for damage to his automobile, which amount was $57.10 more than the amount stipulated to by Abeyta, and we hold that there is evidence to support this finding.
In addition to the determination that Carroll’s auto was damaged in the amount of $652.56, the trial court also allowed the sum of $93 as necessary medical expense incurred as a result of the accident, which sum was agreed to by Abeyta before trial. Additionally, the trial court awarded Carroll the sum of $200 as representing loss of wages attributable to the accident, which finding is also supported by the record. Finally, the trial court awarded Carroll the sum of $600 to compensate him for his personal injuries and the resultant pain and suffering. In the accident Carroll admittedly suffered some physical injury to his right leg and to his face and mouth. Several teeth were knocked out and there were numerous lacerations in and about the mouth with much resultant bleeding. The trial court is in a much more advantageous position than we to fairly and adequately assess the nature and extent of *578 Carroll’s injuries and the degree of pain and suffering attendant thereto. Suffice it to say that we are not prepared to hold that the amount of $1,545.56 is as a matter of law excessive.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Pringle concur.